ORDER
MICHEL, Circuit Judge.
In this case, Doris Marso, the surviving spouse of deceased veteran Cecil E. Mar-so, seeks disability and indemnity compensation (“DIC”) benefits under 38 U.S.C. § 1318(b) (1994). In determining her entitlement to benefits, Mrs. Marso argues that the plain language of § 1318(b) requires that the Department of Veterans Affairs (‘VA”) undertake a de novo determination of the veteran’s disability, that is, the VA would not be bound by lifetime rating decisions. The Secretary of Veterans Affairs (“the Secretary”), however, argues that the VA is bound by lifetime rating decisions', except where there has been a clear and unmistakable error (“CUE”). See 38 C.F.R. § 3.22(a)(2000).
The court has reviewed this case in light of its opinion in National Organization of Veterans’ Advocates, Inc. v. Principi, No. 00-7095, -7096, -7098 (August 16, 2001). In National Organization, we directed the Secretary to stay all proceedings involving claims for DIC benefits under 38 U.S.C. § 1318 whose outcome is dependent on the CUE limitation of 38 C.F.R. § 3.22.
The outcome of this case is dependent on whether it was permissible for the Secretary to impose a CUE limitation for DIC benefits under § 1318(b). Because Mr. Marso did not actually receive a total disability rating for the requisite period of time required by § 1318(b) and because there is no allegation of CUE in a rating decision, Mrs. Marso could only be entitled to DIC benefits if the VA conducts a de novo review of her husband’s entitlement to a total disability rating for the statute’s requisite period of time.
Accordingly,
IT IS ORDERED THAT:
In light of National Organization, we remand to the United States Court of Appeals for Veterans Claims (‘Veterans Court”). The Veterans Court may remand to the Board of Veterans’ Appeals as appropriate.